UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ERIC MAAS,

              *Plaintiff*,

      *v.*

AXA ADVISORS, INC. *and* AXA FINANCIAL, INC.,

              *Defendants*.

-----------------------------------------------------------------x

JUDGE FAILLA

**COMPLAINT**

14 Civ. ___

14 CV 8910

Plaintiff Eric Maas, by counsel, The Harman Firm, PC, alleges for his complaint against Defendants AXA Advisors, Inc. and AXA Financial, Inc. as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Eric Maas ("Mr. Maas") seeks damages and costs against Defendants AXA Advisors, Inc. ("AXA") and AXA Financial, Inc. ("Financial") (collectively "Defendants") for violating Mr. Maas's rights under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), and New York State Human Rights Law § 296. ("NYSHRL"), by failing to provide Mr. Maas with, *inter alia*, a copy of his consumer report and a description in writing of the rights of the consumer under the Fair Credit Reporting Act and denying him employment because of his age.

### JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, jurisdiction over Plaintiff's claims is conferred on this Court as Defendants violated Plaintiff's rights under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*

3. Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's claim brought under New York City law.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claims occurred within this District.

**TRIAL BY JURY**

5. Plaintiff respectfully requests a trial before a jury.

**PARTIES**

6. Plaintiff Eric Maas, at all times relevant hereto, was and is a resident of Duchess County, New York.

7. Upon information and belief, Defendant AXA Advisors, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 1290 Avenue of the Americas, New York, New York 10104. Upon information and belief, AXA Advisors, Inc. is a subsidiary of AXA Financial, Inc.

8. Upon information and belief, Defendant AXA Financial, Inc. is a foreign corporation organized under the laws of Delaware, with its principal place of business located at 1290 Avenue of the Americas, New York, New York 10104.

**STATEMENT OF FACTS**

9. Plaintiff Eric Maas is sixty-four (64) years old.

10. In and around late August or early September 2014, Mr. Maas applied for a financial advisor position with AXA's Poughkeepsie branch.

11. The position's salary was $37,000 plus commission. Upon information and belief, Mr. Maas's estimated first-year pay would be between $75,000 and $100,000. Upon information and belief, after the first year, the income would be upward of $100,000.

12. On or about September 19, 2014, Carlos Perez, an AXA vice president and branch manager at the Poughkeepsie branch, called Mr. Maas to schedule an in-person interview for September 22.

13. The call lasted approximately fifteen (15) minutes, during which Mr. Perez described the history of AXA and how Mr. Maas would be a good fit for the financial advisor position.

14. On or about September 22, Mr. Maas interviewed with Mr. Perez and Judy Dalbis.

15. Mr. Perez and Ms. Dalbis were enthusiastic about the possibility of hiring Mr. Maas and the various opportunities he would have with AXA, such as introducing AXA's financial products to companies and institutions.

16. Mr. Perez asked Mr. Maas to rewrite his resume for AXA's internal use and sent Mr. Maas a packet of materials, including instructions for the online applications and pre-employment screening. The pre-employment screening included AXA procuring a consumer report about Mr. Maas.

17. On or about September 23, 2014 Kelly Burnham from AXA's Human Resources Department sent Mr. Maas the link to the webpage for the pre-employment screening. Mr. Maas completed the forms in the application and authorized AXA to procure his consumer report.

18. On or about September 23, Ms. Burnham told Mr. Maas she was waiting for his consumer report to be delivered.

19. AXA's attitude toward Mr. Maas completely changed after receiving his consumer report.

20. On or about September 26, 2014, Mr. Maas called Mr. Perez to find out the status of his application.

21. Mr. Perez returned the call and said there was "some stuff" in the "report" about "taxes or something."

22. Mr. Maas immediately ordered his own consumer report, which showed a tax lien that he fully paid in 2009, and two disputed medical bills. Mr. Maas also saw that at the top of the consumer report it clearly stated his date of birth. Mr. Maas called Mr. Perez to explain that he previously had paid the tax lien and would settle the disputed medical bills immediately, but Mr. Perez dismissed him saying, "there were other people in line."

23. On or about September 29, 2014, Mr. Maas sent both Carlos Perez and Ms. Burnham an email again explaining the contents of his consumer report.

24. On or about September 29, Mr. Maas received an email from Mr. Perez stating that the position Mr. Maas had applied for had already been filled that morning.

25. AXA was still accepting applications for the position.

26. AXA refused to hire Mr. Maas because of his age, which was in his consumer report.

27. At no point did AXA ever show Mr. Maas the consumer report or a description in writing of the rights of the consumer.

28. At no point did AXA provide disclosure of a numerical credit score, the name, address, and telephone number of the consumer reporting agency, and notice of the consumer's rights.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. against Defendants

29. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 28 with the same force as though separately alleged herein.

30. The FCRA mandates an employer to provide an employment candidate with a copy of the consumer report at issue prior to denying the candidate employment based in whole or in part on the report.

31. Defendant AXA used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

32. Defendants violated FCRA by failing to provide Plaintiff with notice that adverse action would be taken against him based on his consumer report and by failing to provide to him a copy of the consumer report and a complete description in writing of the his rights.

33. As a result of Defendants' unlawful acts, Plaintiff has been denied wages, salary, employment benefits, professional advancement, and actual monetary losses.

34. Defendants' conduct, actions, and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by this Court.

35. Plaintiff is entitled to compensatory damages, liquidated damages, and pursuant to 15 U.S.C. § 1691(o), costs and attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
## Illegal Termination based on Age Discrimination under § 296 of NYSHRL against Defendants

36. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

37. Section 296 of the NYSHRL mandates that "it shall be an unlawful discriminatory practice for any employer…because of an individual's age…to refuse to hire or employ…such individual."

38. Defendants violated § 296 by denying Plaintiff employment by reason of his age.

39. As a direct and proximate consequence of the illegal discrimination caused by Defendants' conduct, Plaintiff has been denied wages, salary, employment benefits, professional advancement, and actual monetary losses, and has suffered and continues to suffer substantial non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

40. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully request the following relief:

A. on his First Claim, damages to be determined at trial, but in no event less than $500,000;

B. on his the Second Claim, damages to be determined at trial, but in no event less than $500,000;

C. an award of compensatory, assumed, and punitive damages;

D. pre-judgment and post-judgment interest;

E. attorneys' fees and costs; and

F. such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 7, 2014

THE HARMAN FIRM, P.C.

By: *[signature]*

Walker G. Harman, Jr. [WH-8044]
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com