John G. Stretton
Seth D. Kaufman
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
(203) 969-3100
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERIC MAAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AXA ADVISORS, INC. AND AXA FINANCIAL, INC.,<br><br>　　　　Defendants. | Case No.: 7:14-cv-8910-VB-LMS<br><br>**DEFENDANTS' ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT** |

Defendants AXA Advisors, Inc. and AXA Financial, Inc. (collectively, "Defendants"), by and through their attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of Answer to Plaintiff Eric Maas' ("Plaintiff") Verified Complaint (the "Complaint"), state as follows:

**PRELIMINARY STATEMENT**

1.     Defendants deny the allegations in paragraph 1 of the Complaint and refer the Court to the Complaint, the content of which speaks for itself, for a statement of Plaintiff's claims.

**JURISDICTION AND VENUE**

2.     The allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

3. The allegations in paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

4. The allegations in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## TRIAL BY JURY

5. Paragraph 5 of the Complaint does not contain any allegations, and therefore no response is required.

## PARTIES

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, leave Plaintiff to his proof.

7. Defendants admit the allegations in paragraph 7 of the Complaint, except to clarify that AXA Advisors, Inc. is an indirect subsidiary of AXA Financial, Inc.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint except to admit that in and around late August or early September 2014, Plaintiff applied for a position with Defendants' Poughkeepsie branch.

11. Defendants deny the allegations in paragraph 11 of the Complaint except to admit that the position was to be compensated via a combination of base pay and commission pay.

12. Defendants deny the allegations in paragraph 12 of the Complaint except to admit that Carlos Perez, whose title currently is Vice President, contacted Plaintiff in September 2014 to schedule an in-person interview in September 2014.

13. Defendants deny the allegations in paragraph 13 of the Complaint except to admit that Mr. Perez and the Plaintiff spoke by telephone.

14. Defendants deny the allegations in paragraph 14 of the Complaint except to admit that Mr. Perez interviewed Plaintiff.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint except to admit that Plaintiff was instructed to complete an online application and pre-employment screening paperwork.

17. Defendants deny the allegations in paragraph 17 of the Complaint except to admit that, on or about September 23, 2014, Kelly Burnham from AXA's Human Resources Department communicated with Plaintiff via email, the content of which speaks for itself.  Defendants admit the allegations in the second sentence of paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint except to admit that Plaintiff called Mr. Perez to inquire as to the status of his application in September 2014.

21. Defendants deny the allegations in paragraph 21 of the Complaint except to admit that Mr. Perez and Plaintiff spoke about Plaintiff's application.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 22 of the Complaint.

Defendants deny the allegations in the third sentence of paragraph 22 of the Complaint except to admit that Mr. Perez and Plaintiff spoke about Plaintiff's application.

23. Defendants admit that on or about September 29, 2014, Mr. Maas sent both Mr. Perez and Ms. Burnham an email, the content of which speaks for itself.

24. Defendants admit that on or about September 29, 2014, Mr. Maas received an email from Mr. Perez, the content of which speaks for itself.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint except to admit that Defendant did not provide Plaintiff a copy of the consumer report.

28. Defendants deny the allegations in paragraph 28 of the Complaint except to admit that Defendant did not provide Plaintiff a copy of the consumer report.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. against Defendants**

29. Defendants hereby reallege and incorporate each and every response set forth in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. The allegations in paragraph 30 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

31. The allegations in paragraph 31 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied.

32. The allegations in paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

33. The allegations in paragraph 33 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

34. The allegations in paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

35. The allegations in paragraph 35 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

**SECOND CAUSE OF ACTION**
**Illegal Termination based on Age Discrimination under § 296 of NYSHRL against Defendants**

36. Defendants hereby reallege and reincorporate each and every response set forth in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

38. The allegations in paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

39. The allegations in paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

40. The allegations in paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

### Request for Relief

Defendants deny that Plaintiff is entitled to any relief requested "WHEREFORE" clauses in the "Request for Relief" section.

### GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

### SEPARATE DEFENSES

Defendants assert the following separate defenses, without assuming the burden of proof on any defense except as required by applicable law.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Subject to proof through discovery, Plaintiff's claims or damages are barred in whole or in part by the doctrines of waiver, estoppel and/or unclean hands.

### THIRD SEPARATE DEFENSE

All actions taken with regard to Plaintiff's application for employment were based on non-pretextual, legitimate, and reasonable business reasons.

**FOURTH SEPARATE DEFENSE**

At all times relevant, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal or state laws, rules, regulations or guidelines.

**FIFTH SEPARATE DEFENSE**

Plaintiff has not suffered any actual damages under the FCRA.

**SIXTH SEPARATE DEFENSE**

Any damages, the existence of which Defendants expressly deny, that Plaintiff may have suffered were not caused by the acts or omissions of Defendants.

**SEVENTH SEPARATE DEFENSE**

Defendants did not willfully violate the FCRA because, even if a violation is found, which Defendants expressly deny, Defendants did not act with an unjustifiably high risk of harm that is either known or so obvious that it should be known.

**EIGHTH SEPARATE DEFENSE**

Defendants cannot be held liable for any punitive damages because Defendants did not willfully violate the FCRA.

**NINTH SEPARATE DEFENSE**

Defendants cannot be held liable for any punitive damages because punitive damages are not recoverable under the NYSHRL.

**TENTH SEPARATE DEFENSE**

Defendants cannot be held liable for any punitive damages because the Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

## ELEVENTH SEPARATE DEFENSE

Defendants cannot be held liable for any punitive damages because Defendants acted in good faith and without malice or evil intent.

## TWELFTH SEPARATE DEFENSE

To the extent that Plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendants must be reduced accordingly.

## RESERVATION OF RIGHTS

Defendants reserve their right to amend their answer and to assert any additional separate, affirmative and/or other defenses that may become available or apparent during the course of the investigation and/or discovery in this case.

WHEREFORE, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, granting its costs and attorneys' fees and granting to Defendants such other relief as the Court may deem just and proper.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Attorneys for Defendants

Dated: January 21, 2015    By:   s/ Seth D. Kaufman
John G. Stretton
Two Stamford Plaza
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Telephone: (203) 969-3102
Fax: (203) 969-3150

Seth D. Kaufman
1745 Broadway, 22 Floor
New York, New York 10019

8

Telephone: (212) 492-2500
Fax: (212) 492-2501
seth.kaufman@ogletreedeakins.com

9

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that, on January 21, 2014, the foregoing Defendant's Answer and Separate Defenses to Plaintiff's Verified Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

        _s/ Seth D. Kaufman_
        Seth D. Kaufman

19968861.3